(C.D. 2966)

LESLIE B. CANION
KLEIN BROS., INC. } v. UNITED STATES

United States Customs Court, Third Division

(Decided April 13, 1967)

*Glad & Tuttle* (*George R. Tuttle, Edward N. Glad,* and *Robert Glenn White* of counsel) for the plaintiffs.

*Barefoot Sanders,* Assistant Attorney General (*Sheila N. Ziff* and *Mollie Strum,* trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges, and DONLON, Senior Judge

DONLON, Judge: The facts in this suit are not in dispute. Two thousand bags of Madagascar butter beans were consigned from Durban, the port of lading, to Klein Bros., Inc., at Stockton, California. The beans arrived in Houston on March 29, 1961, and were entered there by plaintiff Canion, a licensed customhouse broker, on

April 4, 1961, by a warehouse entry at the then prevailing duty rate of 3 cents per pound under paragraph 765, Tariff Act of 1930. The usual bond, covering a warehouse entry, was filed with the Houston collector.

On April 14, 1961, the representative at Dallas of the United States Food and Drug Administration released these butter beans. Nevertheless, they remained in the warehouse until May 2, 1961. On May 1, 1961, plaintiff Canion filed with the Houston collector an application for withdrawal of the entire shipment from warehouse. This was approved, and withdrawal was effected and duty paid on May 2, 1961.

Plaintiff Canion, when he applied on May 1, 1961, for permission to withdraw the beans from warehouse, sought to substitute a consumption entry for the warehouse entry previously filed April 4, 1961. He was not permitted to make the substitution. The suit before us seeks to obtain for plaintiffs the benefits of the seasonally reduced rate which GATT (T.D. 51802) provides for beans that were "entered for consumption" between May 1 and August 31, 1961.

The beans at bar were entered prior to the reduced rate season, nearly a month before the first day of that season. Nor was there ever any entry for consumption. The beans were entered into warehouse on April 4, 1961, and were withdrawn from warehouse for consumption on May 2, 1961.

Plaintiffs cite two cases in support of their contention that such withdrawal from warehouse during the reduced rate season satisfies the terms of the GATT modification. *United States* v. *Mussman & Shafer, Inc.*, 40 CCPA 108, C.A.D. 506; *Excel Shipping Corp.* v. *United States*, 44 Cust. Ct. 55, C.D. 2153.

We are not persuaded that the general definition of the date when ordinary duty rates are applicable, construed in *Mussman & Shafer, Inc., supra,* is controlling here. As defendant's brief points out, the general definition by express language is inapplicable to situations, such as this, where there is a particular provision. The paragraphs of GATT which provide seasonal rate and quota limit modifications are replete with instances of precise specification of dates and conditions that determine the applicability of those modifications.

As to *Excel, supra,* we clearly stated in that decision that it was limited to the facts at bar. Entry actually was made within the reduced rate season. It was a *pro forma* entry into that warehouse which was designated by the government for required fumigation of the beans. Just as soon as fumigation had been completed to the satisfaction of the government, the beans were withdrawn for consumption. The situation here is quite different.

Here entry was made before the beginning of the reduced rate season. It is not shown to have been an entry into a warehouse des-

ignated by the government for its purposes, either fumigation or other required procedures. There was, to be sure, government clearance of the beans for release but this was on April 14, 1961. The reduced rate season did not begin until May 1, 1961. However, plaintiffs seem not to have taken any steps to effect withdrawal until the onset of that season. The beans were not withdrawn for consumption until May 2, 1961.

In our opinion there is not an "entry" of any kind within the reduced rate season. We hold that plaintiffs' proofs do not support their protest claim that the beans at bar were *entered* for consumption during the period from May 1, 1961, to August 31, 1961, inclusive.

The protest is overruled. Judgment will be entered accordingly.